FILED

13 JAN -4 AM 8:38

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY J. PHILLIPS,<br><br>                Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                Respondent. | Civil No.   12-2870 WQH (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**(2) DENYING SECOND MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 3]; and,**<br><br>**(3) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## MOTIONS TO PROCEED IN FORMA PAUPERIS

      Petitioner has filed two Motions to Proceed in Forma Pauperis. (*See* ECF Nos. 2, 3.) In his first motion, Petitioner has included a trust account statement that shows he has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's first application to proceed in forma pauperis [ECF No. 2], and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required

to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee. Petitioner's second motion to proceed in forma pauperis [ECF No. 3] is therefore **DENIED** as moot.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner states that he seeks to allege "a plethora of wrongful and inappropriate acts and practices by CDCR custody and staff." (Pet. at 1, ECF No. 1.) He does not state that he seeks to challenge the validity of his state court conviction.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not

presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition also reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "California Department of Corrections and Rehabilitation," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, if Petitioner does wish to challenge either his state court conviction or the length of his confinement in state prison, he must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## JURISDICTION AND VENUE

Finally, a petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at R.J. Donovan State Prison, located in San Diego County, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(d). Petitioner does not state where his state court conviction occurred. When a prisoner is challenging a state court conviction via a Petition for Writ of Habeas Corpus, the district court of the district in which the state court conviction took place is a more convenient forum because of the accessibility of evidence, records and witnesses. If Petitioner chooses to file a First Amended Petition in this case, he is advised that he must tell the Court where the state court conviction he seeks to challenge occurred.

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Petitioner's first Motion to Proceed in Forma Pauperis [ECF No. 2], **DENIES** Petitioner's second Motion to Proceed in Forma Pauperis [ECF No. 3] as moot, and **DISMISSES** the Petition without prejudice and with leave to amend. If Petitioner wishes to challenge the validity of his state court conviction and proceed with this case, he must, **no later than March 1, 2013**, file a First Amended Petition that cures the pleading deficiencies outlined in this Order. If Petitioner wishes to challenge the conditions of his confinement, he must file a complaint pursuant to 42 U.S.C. § 1983 which will be given

a new case number. ***The Clerk of Court is directed to mail Petitioner a blank First Amended Petition form and a blank Civil Rights Complaint Form Pursuant to 42 U.S.C. § 1983 together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: 1/3/13

William Q. Hayes
United States District Judge