# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY J. PHILLIPS,<br><br>      Petitioner,<br>vs.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>      Respondent. | CASE NO. 12cv2870-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

On March 22, 2013, the Court entered an Order granting Petitioner's motion for extension of time, and stating that Petitioner's claims are not cognizable in this habeas corpus action filed pursuant to 28 U.S.C. § 2254 because they do not challenge the constitutional validity or duration of his confinement. (ECF No. 8). The Court stated:

> If Petitioner wishes to challenge the validity of his state court conviction and proceed with this case he must, no later than April 29, 2013, file a First Amended Petition that cures the pleading deficiencies outlined in this Order.... The Court notes that Petitioner initiated a civil rights case pursuant to 42 U.S.C. § 1983 in this court on March 11, 2013, which was given case number 13cv0567 JAH (Wmc). If Petitioner wishes to challenge the conditions of his confinement, he must pursue those claims via the civil rights action he has filed in that case (13cv0567 JAH (Wmc)).

*Id*. at 3.

On April 25, 2013, Petitioner filed a Notice of Appeal of the March 22, 2013 Order. (ECF No. 9).

On May 10, 2013, Petitioner filed in this action a "Request for Extension of Time and Tolling in Complaint under the Civil Rights Act 42 U.S.C. § 1983, § 3 42 U.S.C.A.

§ 2000cc-1." (ECF No. 11). In this filing, Petitioner again detailed his complaints about the conditions of his confinement. *See id.*; *see also* ECF Nos. 1, 6.

On May 29, 2013, the Court entered an Order which stated:

> Because Petitioner has a pending civil rights case pursuant to 42 U.S.C. § 1983 which raises his complaints about the conditions of his confinement, and because it is appears clear at this point that Petitioner is not seeking to challenge his state court conviction, this case is DISMISSED without prejudice and without leave to amend. Petitioner may continue to pursue his civil rights complaints via case number 13cv0567 JAH (Wmc).

(ECF No. 12 at 2).

On July 22, 2013, the Court of Appeals for the Ninth Circuit issued an order remanding Petitioner's appeal of this action for the limited purpose of granting or denying a certificate of appealability. (ECF No. 15).

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Petitioner has a pending civil rights case pursuant to 42 U.S.C. § 1983 which raises his complaints about the conditions of his confinement, and because it appears that Petitioner is not seeking to challenge his state court conviction, *see* ECF Nos. 1, 6, 11, a certificate appealability is denied.

IT IS HEREBY ORDERED that a certificate of appealability is **DENIED**.

DATED: July 23, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge